HEATHER D. HEARNE, SBN 254496
hdh@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
10233 South Parker Rd., Suite 306
Parker, CO 80134
Tel.: (720) 447-6628
Fax: (225) 906-4230

Attorney for Defendant
Weatherford U.S., L.P.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ARTHUR DENHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>WEATHERFORD U.S., L.P., a limited partnership; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:23-cv-04045-RGK-JCx<br><br>**DEFENDANT WEATHERFORD U.S., L.P.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**<br><br>[Declaration of Melanie Portra filed concurrently attached herewith]<br><br>Judge:    R. Gary Klausner<br>Hearing:  July 17, 2023<br>Time:     9:00 a.m.<br>Ctrm:     850, 8th Floor |

**TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, July 17, 2023 at 9:00 a.m. or as soon thereafter as this matter may be heard, in the Roybal Federal Building and U.S. Courthouse located at 255 E. Temple St., Los Angeles, CA 90012, the

Honorable Judge R. Gary Klausner presiding, Defendant Weatherford U.S., L.P. ("Defendant" or "Weatherford") will and hereby does move for an order compelling Plaintiff Arthur Denham ("Plaintiff" or "Denham") to arbitrate his claims. This Motion is made on the grounds that Plaintiff agreed to arbitrate all claims arising out of his employment with Defendant. The agreement entered into by Plaintiff is valid and enforceable and clearly encompasses the claims at issue in this lawsuit. Finally, in addition to compelling arbitration of this action, Defendant respectfully requests that this Court stay the instant action pending completion of arbitration pursuant to the Federal Arbitration Act, the California Arbitration Act, and Ninth Circuit precedent.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Melanie Portra and exhibits thereto, and all pleadings on file in this action, and such oral argument as may be permitted and/or required by the Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 17, 2023 and was confirmed on June 15, 2023.

Respectfully submitted this 16th day of June, 2023.

**THE KULLMAN FIRM**

*/s/ Heather D. Hearne*
HEATHER D. HEARNE

Attorney for Defendant
Weatherford U.S., L.P.

# TABLE OF AUTHORITIES

**Cases**

*24 Hour Fitness, Inc. v. Superior Ct.*,
  78 Cal. Rptr. 2d 533 (Cal. Ct. App. 1998) ……………………………………7

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011)……………………………………………………………...4

*Bravo v. Charter Commc'ns, LLC*,
  No. B303179, 2021 WL 1101145 (Cal. Ct. App. Mar. 23, 2021)……………..7

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000)……………………………………………………5

*Cione v. Foresters Equity Servs., Inc.*,
  68 Cal. Rptr. 2d 167 (Cal. Ct. App. 1997)……………………………………..4

*Circuit City Stores, Inc. v. Adams*,
  532 U.S. 105 (2001)……………………………………………………………...6

*Circuit City Stores, Inc. v. Najd*,
  294 F.3d 1104 (9th Cir. 2002)……………………………………………………8

*Craig v. Brown & Root, Inc.*,
  100 Cal. Rptr. 2d 818 (Cal. Ct. App. 2000)…………………………………5, 7

*Diaz v. Sohnen Enterprises*,
  245 Cal. Rptr. 3d 827 (Cal. Ct. App. 2019)……………………………………7

*Div. of Labor Law Enforcement v. Transpacific Transp. Co.*,
  137 Cal. Rptr. 855 (Cal. Ct. App. 1977)……………………………………….5

*Furlough v. Capstone Logistics, LLC*,
  No. 18-CV-02990-SVK, 2019 WL 2076723 (N.D. Cal. May 10, 2019)……...6

*Harris v. TAP Worldwide, LLC*,
  203 Cal. Rptr. 3d 522 (Cal. Ct. App. 2016)……………………………………7

*Ingle v. Circuit City Stores, Inc.*,
   328 F.3d 1165 (9th Cir. 2003)………………………………………………...5

*Jackson v. Tic--The Indus. Co.*,
   No. 1:13-CV-02088-AWI, 2014 WL 1232215 (E.D. Cal. Mar. 24, 2014)……6

*Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.*,
   128 Cal. Rptr. 3d 330 (Cal. Ct. App. 2011)……………………………………4

*Mitsubishi Motors Corp. v. Solar-Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985)……………………………………………….................4

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) …………………………………………………………..4, 9

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*,
   282 P.3d 1217 (Cal. 2012)…………………………………………………...5

*Rent-A-Ctr., W., Inc. v. Jackson*,
   561 U.S. 63 (2010)……………………………………………………………4

*Rodriguez v. Am. Techs., Inc.*,
   39 Cal. Rptr. 3d 437 (Cal. Ct. App. 2006)…………………………………….6

*Sandquist v. Lebo Auto., Inc.*,
   376 P.3d 506 (Cal. 2016)……………………………………………………4

*Tabliabue v. J.C. Penney Corp.*,
   No. 15-cv-01443-SAB, 2015 WL 8780577 (E.D. Cal. Dec. 15, 2015)……….6

**<u>Statutes & Codes</u>**

Cal. Code Civ. Proc. § 1281…………………………………………………..4, 5

Cal. Code Civ. Proc. § 1281…………………………………………………….9

Cal. Civ. Code § 1633.7(b)………………………………………………………6

9 U.S.C. § 2…………………………………………………………………...…5

9 U.S.C.A. § 3…………………………………………………………………...9

## TABLE OF CONTENTS

I.   Introduction………………………………………………………………..1

II.  Factual and Procedural Background …………………………………….1

    A.   Plaintiff's Employment and This Lawsuit……………………..1

    B.   The Dispute Resolution Plan, Which Plaintiff Agreed to on Two Occasions, Is the Exclusive Means for Resolving Employment Disputes……………………………………………1

III. The Arbitration Agreement is Valid and Enforceable and Requires That the Court Compel Arbitration of Plaintiff's Claims………………4

    A.   The Arbitration Agreement is Valid and Enforceable………...4

    B.   Plaintiff's Claims Are Within the Scope of the Arbitration Agreement……………………………………………………...8

    C.   The Court Should Compel Arbitration and Stay Plaintiff's Claims……………………………………………………..9

IV.  Conclusion…………………………………………………………..10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Arthur Denham ("Plaintiff") entered into a valid arbitration agreement with Weatherford U.S., L.P. ("Weatherford" or "Defendant"), pursuant to which he agreed to arbitrate all matters arising out of his employment. Nevertheless, and in direct contravention of his agreement, Plaintiff filed this lawsuit. Because Plaintiff is bound by his prior agreement to arbitrate his claims, Defendant respectfully requests that the Court compel arbitration of Plaintiff's claims and stay the instant action pending completion of arbitration pursuant to Federal Arbitration Act, the California Arbitration Act, and Ninth Circuit precedent.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Employment and This Lawsuit.

Plaintiff worked for Weatherford from July 1, 2015 until his involuntary separation from employment on or around June 20, 2022. (Declaration of Melanie Portra, hereinafter "Portra Decl.," ¶ 7).

Plaintiff filed the instant action asserting six employment-related causes of action against Weatherford: (1) Age discrimination in violation of the California Fair Housing Act ("FEHA"), Government Code §12940, subdivision (a); (2) Wrongful termination in violation of public policy; (3) Unpaid overtime wages under Labor Code §1194 and Wage Order 16, Section 3(A); (4) Violation of Labor Code § 203; (5) Violation of Labor Code § 226; and, (6) unfair business practices under the provisions of the Business & Professions Code §§17200 *et seq.* (*See* Complaint, ECF 1-2 at 3).

### B. The Dispute Resolution Plan, Which Plaintiff Agreed to on Two Occasions, Is the Exclusive Means for Resolving Employment Disputes.

Weatherford has a comprehensive Dispute Resolution Program ("DRP") encapsulated in a separate written document, which provides employees of Weatherford with a mandatory system for settling workplace conflicts. (*See* DRP, attached as Exhibit A to Portra Decl.). Specifically, the DRP constitutes the exclusive means for Weatherford employees to resolve workplace disputes. (Portra Decl., ¶ 5; Ex. A at 5). It provides that workplace disputes involving any and all employment-related legal claims must be resolved through binding arbitration rather than in court. (*Id.*).

Plaintiff agreed to be bound by Weatherford's DRP on at least two occasions. Plaintiff first agreed to the DRP when he acknowledged receipt of Weatherford's 2017 Employee Handbook on December 18, 2017. (*Id.*, ¶ 10; Notice of New U.S. Employee Handbook, attached as Exhibit B to Portra Decl.; Handbook Acknowledgment, attached as Exhibit C to Portra Decl.). The Handbook that Plaintiff acknowledged included a provision stating,

> If an employee accepts or continues employment with any Weatherford company, the employee and Weatherford thereby agree to all provisions of the Dispute Resolution Program. This agreement includes the requirement that certain legal disputes . . . be submitted to final and binding arbitration rather than to a jury or through the courts.

(*Id.*, ¶ 11; 2017 Employee Handbook at 27, attached as Exhibit D to Portra Decl.).

Plaintiff again agreed to the DRP on or around January 14, 2021, when he continued his employment with Weatherford after receiving notice of revisions to the DRP via email. (*Id.*, ¶ 12; Important Notice: Changes to the Dispute Resolution Program Plan and Rules, attached as Exhibit E to Portra Decl.). The email sent to Plaintiff provided a link to access the text of the DRP and stated that

> *. . . by continuing your employment with Weatherford after the Effective Date, you are agreeing to be bound by the amended DRP.* Any attempt to reject any or all of the terms of the revised DRP other than by separation of employment will not preclude application or enforcement of the DRP to future Disputes.

(*Id*., Ex. E) (emphasis added).

The DRP requires that "[u]nless otherwise required by law, proceedings under the DRP shall be the exclusive method by which Disputes are resolved." (*Id*., Ex. A at 5). The DRP defines "Dispute" as

> all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute, regulation, or ordinance, or some other law, between persons (which include Employees, Applicants and the Company) bound by the DRP, or between a person bound by the DRP and a person or entity otherwise entitled to its benefits. . . .

(*Id*., Ex. A at 1). Such claims expressly include "any matters with respect to . . . [t]he employment or potential reemployment of an Employee, including but not limited to the terms, conditions, or termination of such employment with the company." (*Id*.). Moreover, the DRP expressly applies to

> [a]ny other matter related to or concerning the relationship between the Applicant and the Company and/or the Employee and the Company alleging violation of any federal, state or other governmental law, statute, regulation, or ordinance, or common law, or contract violation . . . By way of example and without limitation, Dispute includes allegations of: unlawful retaliation, including whistleblower retaliation, discrimination or harassment based on

3

race, sex, religion, creed, color, marital status, sexual orientation, citizenship, national origin, **age**, veteran or military status, disability status, or other legally protected characteristics; **wrongful discharge**; . . . **failure to pay wages including overtime**; . . .

(*Id.*, Ex. A at 2) (emphasis added).

### III. The Arbitration Agreement is Valid and Enforceable and Requires That the Court Compel Arbitration of Plaintiff's Claims.

The Federal Arbitration Act (FAA) sets forth a "liberal . . . policy favoring arbitration" and reinforces ''the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 333 (2011) (*quoting Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) and *Rent-A-Ctr., W., Inc. v.* Jackson, 561 U.S. 63, 67 (2010)). The primary purpose of the FAA is to "enforce private agreements into which parties [have] entered." *Mitsubishi Motors Corp. v. Solar-Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985).  To that end, the FAA requires courts to "rigorously enforce agreements to arbitrate." *Id.* at 626.

Like the FAA, the California Arbitration Act provides that pre-dispute arbitration agreements between employers and employees are enforceable. Cal. Code Civ. Proc. § 1281.  Pursuant to Section 1281.2 of the California Code of Civil Procedure, a court is required to order arbitration "if it determines that an agreement to arbitrate . . . exists. . . ." *Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.*, 128 Cal. Rptr. 3d 330, 335 (Cal. Ct. App. 2011).  As a result, a "heavy presumption weighs the scales in favor of arbitrability." *Cione v. Foresters Equity Servs., Inc.*, 68 Cal. Rptr. 2d 167, 177 (Cal. Ct. App. 1997). Indeed, both state law and the FAA mandate that any doubts as to the arbitrability of any issues should be resolved, whenever possible, in favor of arbitration. *Mitsubishi Motors,* 473 U.S. at 626; *Sandquist v. Lebo Auto., Inc.*, 376 P.3d 506,

513-14 (Cal. 2016) ("when the allocation of a matter to arbitration or the courts is uncertain, we resolve all doubts in favor of arbitration") (collecting cases).

Under the FAA, the Court's role in deciding whether to enforce an arbitration agreement is limited to answering two questions: (1) does a valid agreement to arbitrate exist; and (2) if so, does the agreement embrace the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000). If the answer to these questions is "yes," then the Court must compel arbitration. *Id.*; *see also* Cal. Code Civ. Proc. § 1281.2 ("On petition of a party . . . the court *shall order the petitioner and the respondent to arbitrate*") (emphasis added).

### A. The Arbitration Agreement is Valid and Enforceable.

Under the FAA, arbitration agreements are valid and enforceable when they are (i) written; (ii) part of a contract or transaction involving interstate commerce; and (iii) valid under general principles of contract law. 9 U.S.C. § 2. With respect to the validity inquiry, courts generally apply ordinary state law contract principles. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003); *Craig v. Brown & Root, Inc.*, 100 Cal. Rptr. 2d 818, 820 (Cal. Ct. App. 2000). Under California law, a contract is valid if there is mutual assent between the parties and valid consideration. *Div. of Labor Law Enforcement v. Transpacific Transp. Co.*, 137 Cal. Rptr. 855, 859 (Cal. Ct. App. 1977). Here, the agreement satisfies all these requirements.

First, the agreement is clearly in writing. Therefore, this requirement is satisfied. The FAA requires only that arbitration agreements be in writing, not that the writing be signed by the parties to be bound. 9 U.S.C. § 2. California law holds the same. *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 282 P.3d 1217, 1224 (Cal. 2012).

Second, Weatherford regularly and substantially conducts interstate commerce, providing a full range of energy services and solutions. (Portra Decl., ¶¶ 3-4). Weatherford operates facilities in many states and several countries, serving people from inside and outside of California, utilizing interstate mail and travel systems, and recruiting and advertising inside and outside California. (*Id.* at ¶ 4). Weatherford employees have a far-flung network of company resources which they can and do access across state and country lines. (*Id.*).

Moreover, the DRP expressly invokes the FAA. (*Id.*, Ex. A at 1, 4) ("... the [Federal Arbitration] Act and federal law ... shall apply to the DRP, including any actions to compel . . ."). The United States Supreme Court and California courts have held that an express agreement to be governed by the FAA, like that set forth in the DRP, is controlling. *See, e.g.*, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001); *Rodriguez v. Am. Techs., Inc.*, 39 Cal. Rptr. 3d 437, 440-41 (Cal. Ct. App. 2006).

Third, the parties mutually assented to the DRP in exchange for valuable consideration. Plaintiff assented to the DRP by acknowledging receipt of Weatherford's 2017 Employee Handbook, which provided for agreement to the DRP, as discussed in Part II.B *supra*.[1] (*See* Portra Decl. at ¶ 10, Ex. B, C). An

---

[1] Electronic signatures and clicking "Accept" are valid means of expressing assent to a contract. *See* Cal. Civ. Code § 1633.7(b) (adopting the Uniform Electronic Transactions Act and stating that "[a] contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation"). *See also Jackson v. Tic--The Indus. Co.,* No. 1:13-CV-02088-AWI, 2014 WL 1232215, at *3-4 (E.D. Cal. Mar. 24, 2014) ("there is no question that the parties were capable of contracting and consented to arbitration of disputes arising from or relating to their employment at TIC" where each plaintiff completed and signed an application form that contained an arbitration provision and an acknowledge of that provision); *Furlough v. Capstone Logistics, LLC,* No. 18-CV-02990-SVK, 2019 WL 2076723, at *6 (N.D. Cal. May 10, 2019)

employee's acknowledgement of receipt of an employee handbook containing an arbitration provision is sufficient to demonstrate an agreement to arbitrate. *See Harris v. TAP Worldwide, LLC,* 203 Cal. Rptr. 3d 522, 530 (Cal. Ct. App. 2016). This is so regardless of whether Plaintiff actually read the handbook. *See 24 Hour Fitness, Inc. v. Superior Ct.*, 78 Cal. Rptr. 2d 533, 542 (Cal. Ct. App. 1998) ("Reasonable diligence requires the reading of a contract before signing it. A party cannot use his own lack of diligence to avoid an arbitration agreement.").

In addition, Plaintiff assented to the DRP by continuing his employment with Weatherford after receipt of both the 2017 Employee Handbook (Portra Decl., Ex. B, C) and the January 2021 email notice of revisions to the DRP (*Id.*, Ex. E), as discussed in Part II.B *supra*. "[A] party's acceptance of an agreement to arbitrate may be . . . implied-in-fact where . . . the employee's continued employment constitutes h[is] acceptance of an agreement proposed by his employer." *Craig*, 100 Cal. Rptr. 2d at 820; *see also Diaz v. Sohnen Enterprises*, 245 Cal. Rptr. 3d 827, 831 (Cal. Ct. App. 2019) (". . . an at-will employee who continues in the employ of the employer after the employer has given notice of changed terms or conditions of employment has accepted the changed terms and conditions.") (citation omitted). Again, this conclusion applies regardless of whether Plaintiff actually read the notice provided. *See Bravo v. Charter Commc'ns, LLC*, No. B303179, 2021 WL 1101145, at *6 (Cal. Ct. App. Mar. 23, 2021) (". . . an employee may [not] avoid an employer's arbitration policy imposed as a condition of employment by remaining willfully, or even negligently,

---

("Plaintiff's check box acknowledgments and his e-signature constitute his consent to the Arbitration Agreement"); *Tabliabue v. J.C. Penney Corp.*, 15-cv-01443-SAB, 2015 WL 8780577, at *2-3 (E.D. Cal. Dec. 15, 2015) (electronic signature sufficient to form a valid arbitration contract).

ignorant of the policy[,] such as by failing to read a notice the employer sent to notify the employee about the employer's arbitration policy.") (citation and internal quotations omitted; alterations in original).

Finally, the DRP is supported by valuable consideration because the parties mutually exchanged promises to arbitrate thereunder. The DRP expressly provides that the obligation to arbitrate is mutual and expressly acknowledges that this mutuality constitutes sufficient consideration: "The Parties' mutual promises to be bound by the DRP also constitute adequate and sufficient consideration to be bound by the DRP." (*See* Porta Decl., Ex. A at 5); *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002) (an employer's promise to be bound by the arbitration process itself serves as adequate consideration). As there is mutual assent and sufficient consideration, the DRP is a valid and binding agreement under California law and should be enforced according to its terms.

**B. Plaintiff's Claims Are Within the Scope of the Arbitration Agreement.**

By its express terms, the DRP covers "all legal and equitable claims" including matters with respect to "employment or potential reemployment of an Employee, including but not limited to the terms, conditions, or termination of such employment" and "[a]ny other matter related to or concerning the relationship between . . . the Employee and the Company alleging any violation of any federal, state, or other governmental law. . . ." (Portra Decl, Ex. A at 1-2). Here, Plaintiff asserts six employment-related causes of action, enumerated in Part II.A *supra*. (*See* Complaint, ECF 1-2 at 3). Although Weatherford vigorously disputes the validity and merit of these allegations, there is no question that all these claims relate to Plaintiff's employment with Weatherford and thus fall within the ambit of the DRP. As such, Plaintiff should be compelled to arbitrate his claims under the DRP.

8

Moreover, if there were any uncertainty as to whether Plaintiff's claims are covered by the DRP, the United States Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," including where the issue is the construction of the contract language. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Given the broad ambit of the DRP's contractual language, and the legal presumption favoring arbitration, Plaintiff's claims are unquestionably within the scope of his arbitration agreement.

### C. The Court Should Compel Arbitration and Stay Plaintiff's Claims.

If the Court orders arbitration, Weatherford requests that it concurrently stay this action. Where a motion to compel arbitration has been made, "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . ." 9 U.S.C.A. § 3 (emphasis added); *see also* Cal. Code Civ. Proc. § 1281.4 (". . . the court in which such action or proceeding is pending *shall* . . . stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such controversy ordered, until an arbitration is had[.]") (emphasis added).

Here, the DRP is enforceable and encompasses all of Plaintiff's claims against Weatherford. As such, by the instant Motion, Weatherford requests that Plaintiff be compelled to arbitrate his claims, thereby satisfying all prerequisites for the mandatory application of Section 3 of the FAA.

## IV. Conclusion.

Plaintiff agreed to arbitrate all disputes relating to his employment with Weatherford on at least two occasions—when he acknowledged the Employee Handbook containing the arbitration provision in 2017, and when he continued his employment after receiving the notice of revisions to the DRP in 2021. Accordingly, Weatherford respectfully requests that the Court order Plaintiff to pursue his claims against Weatherford in arbitration and stay the instant action pending the completion of arbitration.

Respectfully submitted this 16th day of June, 2023.

**THE KULLMAN FIRM**

*/s/ Heather D. Hearne*
HEATHER D. HEARNE

Attorney for Defendant
Weatherford U.S., L.P.

The undersigned, counsel of record for Defendant Weatherford U.S., L.P., certifies that this brief contains 2,804 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 16, 2023

**THE KULLMAN FIRM**

*/s/ Heather D. Hearne*
HEATHER D. HEARNE

Attorney for Defendant
Weatherford U.S., L.P.

## CERTIFICATE OF SERVICE

I certify that I have caused to be served on this 16th day of June, 2023, a copy of the foregoing via the Court's CM/ECF system to counsel of record.

                             */s/ Heather D. Hearne*
                             HEATHER D. HEARNE