James H. Cordes (#175398)
Angelica J. Caro (#318821)
James H. Cordes and Associates
831 State Street, Suite 205
Santa Barbara, CA 93101
Telephone: (805) 965-6800
Facsimile: (805) 965-5556

Attorney for Plaintiff
ARTHUR DENHAM

HEATHER D. HEARNE, SBN 254496
hdh@kullmanlaw.com
THE KULLMAN FIRM
A Professional Law Corporation
10233 South Parker Rd., Suite 306
Parker, CO 80134
Tel.: (720) 447-6628
Fax: (225) 906-4230

Attorney for Defendant
WEATHERFORD U.S., L.P.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

ARTHUR DENHAM, an individual,

Plaintiff,

vs.

WEATHERFORD U.S. L.P., a limited partnership, and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:23-cv-04045-RGK-JCx

**JOINT RULE 26(f) REPORT**

Scheduling Conference:

Judge: R. Gary Klausner
Hearing: July 10, 2023
Time: 9:00 a.m.
Ctrm: 850, 8thFloor

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Central District Local Rule 26-1, and the Court's May 31, 2023 Order Setting Scheduling Conference, Plaintiff Arthur Denham ("Plaintiff") and Defendant WEATHERFORD U.S., L.P. ("Defendant"), (Plaintiff and Defendant hereinafter referred to as "the Parties"), by and through their respective counsel of record, hereby submit their Joint Rule 26(f) Conference Report reflecting the matters on

which they agree and expressing their respective views concerning the issues on which they disagree.

As a preliminary matter, the Parties request that the Court continue the Scheduling Conference in this matter, currently set for Monday, July 10, to a date after a final ruling is issued on Defendant's pending Motion to Compel Arbitration (Dkt. 12), and the lifting of any stays related to an appeal thereof.

**1. JURISDICTION**

This Court has subject matter jurisdiction over this action based upon diversity. (28 U.S.C. § 1332(a).) There are no issues regarding personal jurisdiction or venue. All named parties have been served and have appeared.

**2. STATEMENT OF CASE**

**Plaintiff's Position:**

Plaintiff was employed by Defendant as a Service Technician III-Fishing Tool Supervisor from July 1, 2015 until June 20, 2022, when he was terminated at age 72. Plaintiff alleges that during the last two years of his employment, he was criticized by his supervisor for his computer and technology skills and was subject to age related comments by co-workers. Plaintiff also alleges that he was tasked with training a much younger employee with similar job duties and responsibilities as Plaintiff and could properly be considered to be Plaintiff's replacement. On or about June 20, 2022, Defendant notified Plaintiff that his position was eliminated and that he was being terminated. However, Plaintiff later learned that his position was not eliminated and that the younger employee had replaced him. Plaintiff further alleges he was not paid overtime wages and makes claims for related penalties.

**Defendant's Position:**

Plaintiff's position, and that of another employee in the same group, were eliminated as part of a workforce reduction at Plaintiff's work location. Plaintiff was selected for inclusion in the workforce reduction based on objective, non-

discriminatory criteria. Both Plaintiff and the other individual selected were given the opportunity to apply for positions at other locations. Plaintiff declined to do so. Plaintiff's age was not a factor in Defendant's decision to eliminate his position. Further, throughout his employment, Plaintiff was appropriately paid for all work performed. Defendant denies all of Plaintiff's allegations.

**3. AMENDMENT OF PLEADINGS**

The Parties do not anticipate amending any pleadings, but reserve the right to amend the pleadings based on information uncovered in discovery.

**4. COMPLEXITY OF THE CASE**

The Parties do not believe the Court will need to implement any of the procedures of the Manual for Complex Litigation.

**5. MOTIONS**

Plaintiff does not anticipate filing any motions.

Defendant has filed a Motion to Compel Arbitration, which is scheduled for hearing on July 17 (Dkt. 12). If Defendant's Motion is denied, Defendant will immediately appeal and request a stay of proceedings before this Court. *Coinbase, Inc. v. Bielski,* No. 22-105, 599 U.S. --- (June 23, 2023). If this action were to remain in this Court, Defendant anticipates it will file a motion for summary judgment and/or summary adjudication of issues.

**6. DISCOVERY**

The Parties anticipate that they will conduct discovery primarily through interrogatories, requests for production, requests for admissions, and depositions. The Parties agree that discovery should not be conducted in phases or limited to specific issues. The Parties do not foresee any issues regarding disclosure or discovery of electronically stored information. The Parties agree that at this time there should not be a procedure to assert claims of privilege or of protection as trial-preparation materials after production. The Parties do not currently believe that any limitations on discovery are necessary other than those under the Federal

Rule of Civil Procedure. The Parties do not believe that the Court should issue any other order under the Federal Rules of Civil Procedure.

**7. DISCLOSURES**

Plaintiff proposes that the initial disclosures be exchanged timely on July 3, 2023, which is 14 days after the parties' Rule 26(f) conference pursuant to Rule 26(a)(1)(C). Plaintiff does not believe that initial disclosures in this matter should be stayed pending Defendant's Motion to Compel Arbitration.

Defendant proposes that initial disclosures be exchanged seven calendar days following a final ruling on, and a lifting of any applicable stays related to Defendant's Motion to Compel Arbitration.

**8. ADR**

If Defendant's Motion to Compel Arbitration is unsuccessful and this action remains in this Court, the Parties will agree to participate in the Court's mediation program. The Parties will hold the ADR session 90 days from the later of the date of entry of the order referring the case to ADR and the final order denying Defendant's pending Motion to Compel Arbitration and lifting any stays related to an appeal thereof.

**9. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not jointly consent to a magistrate judge.

**10. EXPEDITED SCHEDULE**

The Parties do not believe this case is appropriate for handling on an expedited basis.

**11. TRIAL ESTIMATE**

Plaintiff has requested a jury trial. The Parties estimate that trial will take 4 to 6 days.

**12. ADDITIONAL PARTIES**

The Parties do not anticipate adding additional parties at this time.

**13. EXPERT WITNESS**

Plaintiff does not anticipate using expert witnesses at this time.

Defendant reserves the right to utilize expert witnesses.

**14. PROPOSED PRE-TRIAL AND TRIAL DATES**

**Plaintiff's Position:**

| | |
|---|---|
| Fact Discovery Cut-off Date: | January 2024 |
| Dispositive Motion Cut-off Date: | January 2024 |
| Expert Disclosures: | January 2024 |
| Expert Discovery Cut-off Date: | February 2024 |
| Pretrial Conference Date: | February 2024 |
| Trial Date: | March 2024 |

**Defendant's Position:**

Defendant requests that no dates be set at this time, given the pending Motion to Compel Arbitration and Defendant's intention to appeal if the motion is denied, as an appeal would stay proceedings before this Court and thereby substantively impact any deadlines set by the Court. Nonetheless, as required by the Court's order, Defendant proposes the following dates:

| | |
|---|---|
| Fact discovery cut-off date: | April 2024 |
| Dispositive Motion cut-off date: | May 2024 |
| Expert Disclosures: | April 2024 |
| Expert Discovery cut-off date: | June 2024 |
| Pretrial conference date: | August 2024 |
| Trial date: | September 2024 |

/ / /

/ / /

Pursuant to Local Rule 5-4.3.4(a)(2)(1), I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 3, 2023

James H. Cordes and Associates

By: /s/ *Angelica J. Caro*
ANGELICA J. CARO
Attorney for Plaintiff
ARTHUR DENHAM

Dated: July 3, 2023

THE KULLMAN FIRM

By: /s/ *Heather D. Hearne*
HEATHER D. HEARNE
Attorney for Defendant
WEATHERFORD U.S., L.P.